# UNITED STATES DISTRICT COURT

## District of Kansas

(Kansas City Docket)

UNITED STATES OF AMERICA,

           **Plaintiff,**

      v.                       **CASE NO.**  25-20071-DDC-TJJ

                                     **FILED UNDER SEAL**

JULIA ROBERTS and
VICKI ROBINSON,

           **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**WIRE FRAUD CONSPIRACY**
**[18 U.S.C. § 1349]**

1.  Beginning on a date unknown, but no later than in or about January 2018, and continuing through in or about February 2023, in the District of Kansas and elsewhere, the defendants,

**JULIA ROBERTS and**
**VICKI ROBINSON,**

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit

understanding with each other to devise and intend to devise a scheme and artifice to

defraud, and to obtain money and property, by means of materially false and fraudulent

pretenses, representations, and promises, and by omission of material facts, well knowing

and having reason to know that said pretenses were and would be false and fraudulent

when made and caused to be made and that said omissions were and would be material,

and, in so doing, caused interstate and foreign wire communications to be made, in

furtherance of the scheme and artifice to defraud, in violation of Title 18, United States

Code, Section 1343.

### Relevant Persons and Entities

At times relevant to this Indictment:

2.  The Wyandotte County District Court was based in Kansas City, Kansas ("the

Court").

3.  The Clerk of the Court maintained a bank account with Bank of Labor (account

number ending in 6601), in Kansas City, Kansas.

4.  The Court utilized Full Court as a case management system.  Full Court had an

accounting function to manage the Court's financial transactions.

5.  From in or about February 1997 through in or about September 2020, defendant

JULIA ROBERTS was employed as a bookkeeper for the Court.

6.  From in or about September 2020 through in or about February 2023, defendant

VICKI ROBINSON was employed as a bookkeeper for the Court.  ROBINSON worked

under and reported to ROBERTS until September 2020, when ROBERTS retired.

**Manner and Means**

7. ROBERTS and ROBINSON had responsibility and control over the Court's accounting and finances, including managing the accounting department, collecting funds from each county system, recording funds collected, processing daily reports, and depositing collected funds into the Clerk of Court's Bank of Labor account.

8. The object of the scheme to defraud was for ROBERTS and ROBINSON to use their positions to steal incoming cash payments from the Court.

9. As part of the scheme to defraud, without the Court's knowledge or consent, ROBERTS and ROBINSON stole cash that the Court received, rather than depositing the funds into the Clerk of Court's Bank of Labor account.

10. As part of the scheme to defraud, and to conceal the fact that they were stealing cash from the Court, ROBERTS and ROBINSON fraudulently completed Clerk of Court checks by making them payable to the Clerk of Court, drawn on the Clerk of Court's Bank of Labor account. Without the Court's knowledge or consent, ROBERTS and ROBINSON caused the checks to be deposited. This resulted in interstate wire transmissions during the bank clearing and settlement process. The checks were drawn on and deposited into the same Clerk of the Court's Bank of Labor account, which created a corresponding debit and credit and thus no increase or decrease in the amount under deposit.

11. Each fraudulent check that ROBERTS and ROBINSON caused to be issued appeared to be facially valid. ROBERTS and ROBINSON completed, or caused the

3

checks to be completed, with K.C.'s or K.H.'s signature, persons authorized to sign such Clerk of Court checks, which was done without K.C.'s or K.H.'s knowledge or consent, thereby falsely representing the signature to be a true and actual signature of K.C. or K.H. ROBERTS and ROBINSON presented these checks for deposit at Bank of Labor, even though they knew they were fraudulent.

12. Between January 2018 and February 2023, ROBERTS and ROBINSON caused more than 400 Clerk of Court checks to be issued in amounts ranging from $189 to $10,000, each of which was designed to conceal the embezzled cash, which was never deposited into the Clerk of Court's Bank of Labor account.

13. ROBERTS and ROBINSON stole more than $900,000 via the fraudulent scheme described above.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6

### WIRE FRAUD
### [18 U.S.C. § 1343]

14. The allegations in paragraphs 2 through 13 are re-alleged and incorporated by reference as if fully set forth herein.

15. Beginning on a date unknown, but no later than in or about January 2018, and continuing through in or about February 2023, in the District of Kansas and elsewhere, the defendants,

### JULIA ROBERTS and
### VICKI ROBINSON,

with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to

defraud, by means of materially false and fraudulent pretenses and representations and by omissions of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions would be material.

### Execution of the Scheme

16. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**JULIA ROBERTS and
VICKI ROBINSON,**

for the purpose of executing and attempting to execute the aforementioned scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by omission of material facts did, with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds; that is, wire communications related to the clearing and settlement of checks presented to Bank of Labor, identified below, and drawn on the Clerk of Court's Bank of Labor account ending in number 6601:

| COUNT | DEFENDANT | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|
| 2 | **ROBERTS and ROBINSON** | 9/2/2020 | $4,000 | Check numbers 57820, 57821, 57822, and 57823, all made payable to Clerk of the District Court, which were scanned in Kansas and electronically sent to Bank of Labor's image processing center in Arkansas and electronically sent from |

| | | | | |
|---|---|---|---|---|
| | | | | Arkansas to the bank's core processor in Wisconsin. |
| 3 | **ROBINSON** | 10/8/2020 | $800.00 | Check number 58015, made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Bank of Labor's image processing center in Arkansas and electronically sent from Arkansas to the bank's core processor in Wisconsin. |
| 4 | **ROBINSON** | 6/28/2021 | $3,288.35 | Check numbers 59679 and 59680, both made payable to Clerk of the District Court, which were scanned in Kansas and electronically sent to Bank of Labor's image processing center in Arkansas and electronically sent from Arkansas to the bank's core processor in Wisconsin. |
| 5 | **ROBINSON** | 3/7/2022 | $2,650.00 | Check number 60936, made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Bank of Labor's image processing center in Arkansas and electronically sent from Arkansas to the bank's core processor in Wisconsin. |
| 6 | **ROBINSON** | 12/19/2022 | $1,929.00 | Check number 61888, made payable to Clerk of the District Court, which was scanned in Kansas and electronically sent to Bank of Labor's image processing center in Arkansas and electronically sent from Arkansas to the bank's core processor in Wisconsin. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7-8

**AGGRAVATED IDENTITY THEFT**
**[18 U.S.C. § 1028A]**

17. The allegations in paragraphs 2 through 13 are re-alleged and incorporated by reference as if fully set forth herein.

18. On or about the dates set forth in the chart below, in the District of Kansas, the defendants,

**JULIA ROBERTS and**
**VICKI ROBINSON,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowing that the means of identification belonged to another actual person, that is, ROBERTS and ROBINSON possessed and used the signature of K.H. on Clerk of Court checks used to conceal amounts they embezzled, in connection with the wire fraud offenses charged in Counts 1 through 6 of this Indictment:

| COUNT | DEFENDANT | DATE | AMOUNT | DESCRIPTION |
|-------|-----------|------|--------|-------------|
| 7 | **ROBERTS and ROBINSON** | 9/2/2020 | $4,000 | K.H.'s signature on check numbers 57820, 57821, 57822, and 57823. |
| 8 | **ROBINSON** | 6/28/2021 | $3,288.35 | K.H.'s signature on check numbers 59679 and 59680. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

7

## FORFEITURE NOTICE

19. The allegations contained in paragraphs 1 through 18 are incorporated for purposes of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

20. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349 and 1343, set forth in Counts 1-6 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

        A. A Forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant from the commission of Counts 1-6.

21. If any of the property described above, as a result of any act or omission of the defendants:

        A.    cannot be located upon the exercise of due diligence;

        B.    has been transferred or sold to, or deposited with, a third party;

        C.    has been placed beyond the jurisdiction of the court;

        D.    has been substantially diminished in value; or

        E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


August 27, 2025                          s/Foreperson
DATE                              FOREPERSON OF THE GRAND JURY


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Ryan.Huschka@usdoj.gov
Ks. S. Ct. No. 23840


By: */s/ Michelle McFarlane*
Michelle McFarlane
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Michelle.McFarlane @usdoj.gov
Ks. S. Ct. No. 26824


IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

**PENALTIES**

## Count 1: Wire Fraud Conspiracy, 18 U.S.C. § 1349

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2-6: Wire Fraud, 18 U.S.C. § 1343

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 7-8: Aggravated Identity Theft, 18 U.S.C. § 1028A

- Punishable by a term of imprisonment of two years, which shall not run concurrent with any other term of imprisonment imposed. 18 U.S.C. § 1028A(a)(1), (b)(2).

- A term of supervised release of up to one year. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(1).  In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.